IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Deneise Evon King, | ) | |
| | ) | Civil Action No. 6:12-3043-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Deneise Evon King ("King"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), setting forth the relevant facts and legal standards and recommending that the court affirm the Commissioner's decision. (ECF No. 25). King has filed objections to the Report (ECF No. 27) and the Commissioner has responded to those objections (ECF No. 28). Accordingly, this matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which either party specifically objects. The court may accept, reject, or modify, in

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

whole or in part, the recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

King filed an application for DIB on March 29, 2009, alleging disability beginning August 28, 2008, due to pain from a back injury she sustained while working. The Social Security Administration denied King's application initially and on reconsideration. On January 24, 2011, an Administrative Law Judge ("ALJ") heard testimony from King and a vocational expert regarding King's symptoms and ability to work. After a de novo review, the ALJ found that King was not under a disability as defined by the SSA and denied her claim.

Specifically, the ALJ found that King's sacroiliac joint dysfunction and degenerative disc disease were severe impairments, but that the record did not support the alleged severity of her symptoms. As a result, the ALJ limited King to light work, with additional restrictions, and found that, even with these limitations, she could perform a number of jobs in the national economy. The Appeals Council denied King's request for review, making the ALJ's decision the final decision of the Commissioner. King now seeks judicial review of that decision.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act ("SSA" or the "Act"). Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

King objects to the Report's analysis of certain portions of the ALJ's RFC and credibility findings. Specifically, King asserts that the magistrate judge: (1) erred in dismissing the order in which the ALJ performed her RFC analysis as a harmless difference in writing style, (2) incorrectly found that the ALJ did not draw a negative inference from King's failure to seek additional medical treatment, (3) failed to adequately assess the ALJ's consideration of the medical evidence, and (4) failed to consider the record as a whole in evaluating the ALJ's RFC analysis.[2]

King argues that the ALJ ran afoul of the mandated sequential analysis by determining her RFC first and then assessing her credibility in light of that RFC. The court disagrees and finds that, no matter the order in which her decision states her analysis, substantial evidence supports the ALJ's credibility and RFC findings.

---

[2] King also objects to certain findings of fact. (ECF No. 27 at 1-2). However, this objection fails to point to any instance of the magistrate judge basing his decision on "a more detailed or expansive reading of the facts than" the ALJ. *See id*. Thus, the court finds this objection general, conclusory, and not conducive to judicial response. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The ALJ's credibility finding begins by citing and applying the correct two-step analysis, *see Craig v. Chater*, 76 F.3d 585, 593-95 (4th Cir. 1996), and goes on to discuss every relevant piece of medical evidence and explain the weight given to that evidence and its relationship to King's subjective complaints.  In the middle of this analysis, having already stated her RFC finding in the section heading, as is customary, the ALJ states "[t]he claimant's activities of daily living are inconsistent with her allegations of such significant functional limitations, but are fully consistent with the residual functional capacity described above." (Tr. at 18).  The court reads this sentence as merely explaining that the ALJ took King's alleged functional limitations into account when making her RFC finding, not that she made her credibility finding with her RFC finding already in mind.

King also asserts that the ALJ improperly interpreted her failure to seek any further medical treatment after 2010 as a reason to discount her credibility.  Specifically, the ALJ stated: "The fact that the claimant stopped treatment over a year ago, suggests that the claimant's allegations of pain and limitations are not fully credible."  (Tr. at 16).  The record reflects that King discontinued treatment because her worker's compensation coverage ended and she could no longer afford the medical care.  The court agrees with King that her inability to afford care may be a sufficient reason for failing to seek treatment, however, the court finds that, in this case, the ALJ's interpretation of this one factor was harmless error. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding that a harmless error is one where the ALJ would have reached the same result, notwithstanding the error).  King's failure to seek further medical treatment was one factor the ALJ considered, but not the only factor or even the deciding factor.

In fact, King's failure to seek additional treatment constitutes three sentences of the ALJ's nearly six page discussion of King's credibility and RFC.[3]

In connection with this objection, King objects to the ALJ's credibility findings, as related to her bladder symptoms and medication side effects. King asserts that the record lacks information on these symptoms because she could not afford treatment for them, so, "[s]he had no physician she could complaint to." (ECF No. 27 at 4). The court finds this objection wholly without merit. First, the ALJ, the magistrate judge, and this court, are all bound by the record, which the claimant is tasked with developing. Second, even if King could not afford treatment after 2010, she saw numerous doctors and other medical professionals for two years prior to that time and only mentioned her bladder and medication side effects once or twice. The ALJ was fully justified in her findings regarding these symptoms.

The remainder of King's objections revolve around the central assertion that the ALJ did not consider the entire record in making her credibility findings, particularly the medical evidence after April 2009. However, the ALJ's decision specifically mentions every doctor's report through January 2010, showing that she clearly considered this evidence in making her RFC finding. While the ALJ may not have thoroughly explained how these reports played into her analysis, she did not have to. *See Jackson v. Astrue*, No. 8:08-2855-JFA, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (an ALJ is not required to include a detailed evaluation of every piece of evidence in her written decision). In addition, King has failed to argue how a more thorough consideration of that evidence would have affected the ALJ's findings other than to

---

[3] In addition, while King states conclusively that the ALJ's failure in this regard "was error, which should have brought about remand," (ECF No. 27 at 3), she does not offer any evidence as to how that error may have harmed her. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (it is the claimant's burden to show that the ALJ's error was not harmless).

state, generally, that this was an "egregious" and "clear" error. Accordingly, the court is not persuaded by this objection.

## IV.  Conclusion

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of King's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of King's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which King has objected, the court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
March 7, 2014